UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Nadia Jackson, | Civ. No. 23-2213 (PAM/ECW) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Hennepin County Department of Human Services & Public Health; Lili Ose Msimbe, Social Services (Child Protection); Shelby Dore, Social Services (Child Protection); Hannah Burton, Social Services Social Services (Child Protection Investigator); and Hennepin County Human Resources, | |
| Defendants. | |

---

Plaintiff Nadia Jackson did not pay the filing fee for this matter, instead applying for in forma pauperis ("IFP") status. (See Docket No. 2.) Jackson qualifies financially for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Because Jackson's Complaint fails to state a claim on which relief may be granted, her IFP application is denied, and this action is dismissed without prejudice.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Aten v. Scottsdale Ins. Co., 511 F.3d 818,

820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson alleges that Hennepin County wrongfully initiated child-protection proceedings regarding her grandchild, with those proceedings eventually concluding in removal of the child from Jackson's home. Based on those allegations, Jackson brings claims under 42 U.S.C. § 1983, Title VI of the Civil Rights Act, federal criminal law, and state law against Hennepin County and three individual employees of Hennepin County.

Jackson's pleading fails to state a claim on for two reasons. First, taking a broad view of the complaint, Jackson's factual allegations are nearly entirely conclusory. Throughout the pleading, Jackson refers to the child-protection proceedings as "false," "unlawful," or otherwise invalid. (Compl. at 5.) But these words are merely labels. There is nothing pleaded in the Complaint from which a factfinder could conclude that the child-protection proceedings were, in fact, motivated by an unlawful purpose. And the lone non-conclusory factual allegations in the Complaint — that Jackson "made a complaint to Minneapolis Department of Justice, Fraud," id., and that, about a year later, child-

protection proceedings were initiated with respect to her grandchild — are not enough by themselves to establish that anyone has acted unlawfully.

Second, on a more granular level, each of the specific legal claims Jackson raises is flawed. Jackson seeks to hold Hennepin County liable "under the doctrine of respondeat superior" (Compl. at 5), but "neither municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior," Rogers v. King, 885 F.3d 1118, 1122 (8th Cir. 2018). Jackson therefore cannot sue Hennepin County under § 1983 solely because that entity employed individuals who violated her constitutional rights. Instead, Jackson must allege facts that, if proved true, would establish that Hennepin County itself acted unlawfully—or, insofar as the specific employees are named as defendants, that those individuals acted unlawfully. Never in the pleading, however, does Jackson allege who is responsible for any of the alleged actions. This alone would be sufficient to defeat Jackson's claims under § 1983. See Washington v. Craane, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (noting that, under § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself.").

Jackson's other legal claims fare no better. Title VI prohibits race, color, and national-origin discrimination by programs receiving federal financial assistance. See 42 U.S.C. § 2000d. Nowhere in the Complaint does Jackson plausibly allege that her race, color, or national origin (each of which is not mentioned in the pleading) played any role in the events at issue, and so Jackson cannot proceed under Title VI. Jackson's claims under federal criminal law fail because, as a private citizen, she lacks standing to bring

3

claims under federal criminal law. See Kunzer v. Magill, 667 F. Supp. 2d 1058, 1061 (D. Minn. 2009) (stating that "[p]rivate citizens, such as [plaintiff], do not have standing to enforce criminal statutes or have them enforced"). Finally, Jackson has not alleged a basis for the Court's original jurisdiction over her state-law claims, and the Court will not exercise supplemental jurisdiction over those claims. See Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

This action is therefore dismissed without prejudice in its entirety.

Accordingly, **IT IS HEREBY ORDERED that**:

1. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B); and

2. Plaintiff's application to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 23, 2023                *s/Paul A. Magnuson*
                                      Paul A. Magnuson
                                      United States District Court Judge